IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GERMANY, | No. 2:15-cv-0190-CMK-P |
| Plaintiff, | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al., | ORDER |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's application to proceed in forma pauperis and complaint. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor.  His motion for leave to proceed in forma pauperis (Doc. 9) will be granted.

As to plaintiff's complaint, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3)

seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff alleges that he was injured while lifting a coffee container with a faulty top, and that his supervisor was aware of the faulty lid and excessive weight. However, plaintiff fails to identify what constitutional right was violated, and fails to allege that anyone actually violated his rights. Presumably his supervisor was the one named defendant, Mike

1  Davis.  However, plaintiff does not explain how the defendant violated his rights by allowing the
2  use of a coffee container with a faulty lid.  At best is would appear the defendant was negligent,
3  which does not rise to the level of violating any constitutional rights.
4          To the extent plaintiff is attempting to claim a violation of his Eighth Amendment
5  rights, the treatment a prisoner receives in prison and the conditions under which the prisoner is
6  confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual
7  punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S.
8  825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity,
9  civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).
10 Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452
11 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing,
12 shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080,
13 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two
14 requirements are met: (1) objectively, the official's act or omission must be so serious such that it
15 results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively,
16 the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.
17 See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must
18 have a "sufficiently culpable mind."  See id.
19         Here, there are no allegations that the defendant acted with the intention of
20 causing plaintiff harm, nor does the court see any possibility that plaintiff can so allege.  The
21 undersigned finds the claim set forth in the complaint to be frivolous and subject to summary
22 dismissal.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ( holding a claim is legally
23 frivolous when it lacks an arguable basis either in law or in fact.)
24         Finally, plaintiff names the California Department of Corrections as a defendant.
25 However, the Eleventh Amendment prohibits federal courts from hearing suits brought against a
26 state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur

Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).  Thus, plaintiff cannot proceed on any claim against the California Department of Corrections.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff will be required to show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 9) is granted; and

2. Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.

DATED: December 14, 2016

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE