# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GERMANY, | No. 2:15-cv-0190-CMK-P |
| Plaintiff, | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al., | <u>ORDER</u> |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

The court issued an order to show cause on December 15, 2016, requiring plaintiff to show cause why this action should not be dismissed for failure to state a claim. Plaintiff was informed as to the deficiencies in his complaint, and was provided an opportunity to show the court why this case should not be dismissed. Plaintiff has filed a response, but has failed to show cause why this action should not be dismissed.

In his response, plaintiff requests the opportunity to file an amended complaint. However, he was provided an opportunity to show the court that he would be able to state a claim

1

in an amended complaint, and has failed to do so.  From his response, it does not appear that he would be able to state a claim for violation of his Eighth Amendment rights if granted leave to file an amended complaint.  Rather, it is clear from the original complaint and from the response to the order to show cause, that plaintiff's allegations do not rise to the level of a constitutional violation.  In the order to show cause, the court set forth what was required to state a claim for violation of the Eighth Amendment.  In his complaint, plaintiff alleged that his supervisors acted with negligence in requiring that plaintiff perform certain tasks.  In the response to the order to show cause, plaintiff fails to expand on that claim with any more detail or facts.  Instead, plaintiff continues to allege in vague and conclusory terms that he was negligently supervised while incarcerated.  He states that he was required to work in inferior environments and dangerous conditions, without proper equipment.  He also states that he was forced to work in such conditions under threat of being placed in "the hole."  He alludes to "serious permanent bodily injury" and disabilities, but beyond scars he fails to state what those injuries were or what disabilities he now lives with.

        Plaintiff was previously informed that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted

unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Plaintiff's vague and conclusory allegations about being forced to work in dangerous conditions are simply insufficient to state a claim for violation of any Constitutional rights.  In addition, plaintiff alleges that "prison officials" violated his Eighth Amendment rights, but he fails to identify who the particular officials are.  Again, plaintiff was informed that in order to state a claim under 42 U.S.C. § 1983, he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Plaintiff was provided the opportunity to show the court that he has a viable claim, but has failed to do so.  It is clear to the undersigned that any attempt at amendment would be futile.  The undersigned therefore finds it appropriate to dismiss this action for plaintiff's failure to comply to show cause, and failure to state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and
2. The Clerk of the Court is directed to close this case.

DATED:  December 28, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE